LYDIA M. MACK, RESPONDENT, *v.* ERASTUS P. BURT, APPELLANT.

*Landlord and tenant — effect of tenant's holding over — Rent — action for — when prematurely brought — General denial — what may be proved under.*

A tenant of demised premises holding over after the expiration of his term, is deemed in law to hold over as tenant at the same rent he had previously paid, if no new agreement is made. But if he has notice from the landlord that if he retains possession he must pay a higher rent, specified as to amount at the time, and he remains in possession, he must be deemed to assent to pay such increased rent.

Plaintiff purchased certain premises, at the time occupied by the defendant under a lease, the deed providing that he was to have the use and possession of the

premises from and after May 1, 1872 ; the defendant held over for another year, and on the 1st of May, 1873, this action was commenced to recover the rent for the last six months. *Held* (1), that the term did not expire until May second, and that the · action was prematurely brought; (2), that the defendant was entitled to raise this objection under a general denial.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was commenced to recover for the rent of a store in the city of Oswego, at a yearly rent of $600 from May 1, 1872, the plaintiff claiming a balance due of $375; also for the breakage of one light of glass, of the value of fifteen dollars, amounting in all to $390.

The answer contained a general denial, and also the allegation that the rent as agreed upon was $450 per annum, and that that was a fair sum for the use of the store. It also alleged an offset of $225 and a tender, on May 1, 1873, of $225, the refusal of plaintiff to receive it, and the readiness of defendant, at all times since, to pay it ; and it demanded judgment for costs.

It appears from the report of the referee, that plaintiff purchased the store in question while it was occupied by defendant under a lease from the former owner, which lease expired May 1, 1872. About March 1872, the agent of the plaintiff informed defendant of such purchase, and stated, in answer to an inquiry by defendant, that the rent for the ensuing year would be $600. Defendant replied that he would not have the store. No agreement was made; but, at the expiration of his tenancy, he continued in possession and occupied the store the ensuing year. On November 1, 1873, defendant paid $225 on the rent, which the referee found was received as a part payment only of the $600 rent, and held that the retaining possession of the premises, under the circumstances, was an assent by defendant to pay the rent demanded. The conveyance to plaintiff contained the following clause: "Said party of the second part to have use and possession of said premises from and after May 1, 1872." This action was brought May 1, 1873, and was prematurely brought, as claimed by defendant on the trial, although not alleged in the answer. By custom, but not by agreement, the rent appears to have been paid semi-annually. The referee ordered judgment for seventy-five dollars, the balance due

at $600 per annum, after deducting $225, together with interest from November 1, 1872, and for the further sum of $300, with interest from May 1, 1873, making in all $406.82. From the judgment so entered, the defendant appeals to this court.

*John C. Churchill*, for the appellant.

*A. Perry* and *D. H. Marsh*, for the respondent.

E. DARWIN SMITH, J. :

Upon the referee's findings upon the facts, I think his conclusion of law, that the plaintiff was entitled to recover at the rate of $600 a year for the use of the premises, correct, and that she was entitled to recover for the seventy-five dollars, with interest thereon from November, 1872, within the cases of *Despard* v. *Walbridge* (15 N. Y., 374), and *Schuyler* v. *Smith* (51 id., 309, 214). These cases hold, in effect, that a tenant of demised premises, holding over after the expiration of his term, is deemed in law to hold over as tenant at the same rent he had previously paid, if no new agreement is made. But if he has notice from the landlord that if he retains possession he must pay a higher rent, specified as to amount at the time, and he remains in possession, he must be deemed to assent to pay such increased rent; that he cannot hold the premises after such notice, and fix his own terms for the rent. The defendant held over as tenant to the plaintiff. He recognized that relation in November, 1872, and paid $225 on rent at that time, the plaintiff receiving it as rent, but claiming seventy-five dollars more as then due. But this sum, with interest thereon, was all that was due when this action was commenced. The referee finds that the deeds under which the plaintiff took title to said premises, contained the following clause, to wit: "Said party of the second part to have use and possession of said premises from and after May 1st, 1872." These words exclude the first day of May from the term for which the defendant took, or must be deemed to have taken, the said premises, as tenant of the plaintiff. The second half-year of said term did not expire till the first day of May, 1872. The defendant was not liable to be sued for such rent until the second day of May. The case states, and the referee finds as a fact, that this action was com-

menced on the first day of May. It was therefore prematurely commenced for the last half of the year's rent. This objection was available under the pleadings, for the answer contains a general denial of each and every allegation of the complaint. Under such an answer, the defendant, I think, denied in effect every fact essential to make out a cause of action against him at the time of the commencement of the suit, and may disprove any such allegation. This question, in *Smith* v. *Holmes* (19 N. Y., 271), arose upon demurrer to the complaint, and the court held that neither the summons nor complaint showed when the action was commenced, and that the sheriff's certificate of the service of the summons was no part of the record before the court upon demurrer, and that the question could only be raised by answer. It is sufficiently raised by an answer which contains an explicit denial, in effect, that the plaintiff had any cause of action against the defendant. The answer necessarily relates to the time of the commencement of the suit. In this case, the fact was proved and found by the referee, and it does not appear that any objection was made to the evidence, and I think no valid objection could be raised.

The judgment should be reversed and new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial granted, costs to abide event.